STATE *v.* McCALL.

―――――――

STATE OF NORTH CAROLINA v. W. A. McCALL.

(Filed 7 April, 1965.)

**Public Officers § 11—**

An indictment charging the captain of detectives of a municipal police force with corruptly intimidating a prospective State's witness by permitting the prime suspect in the case to go to his home, *held* insufficient to charge a violation of G.S. 14-230, it appearing that the case was in the investigative stage and therefore that the act of the officer in permitting the prime suspect to go to his home could not be a violation of the officer's duty.

APPEAL by the State from *Latham, S.J.*, 14 December 1964 Conflict Criminal Session of MECKLENBURG.

The defendant was charged in Bill of Indictment No. 42963 that on or about 31 January 1964 he unlawfully and wilfully did neglect to discharge one of his official duties as a police officer of the City of Charlotte, North Carolina, said duty being to-wit: "the investigation and handling of the case of State of North Carolina against Herbert P. Cook on the charge of did steal, take and carry away 1208 gallons of Gulf No-Nox gasoline the property of Gulf Oil Corporation, * * * of the value of more than $200.00 to wit: $366.02, he, the said W. A. McCall wilfully failed to perform his official duties as a police officer of the City of Charlotte, North Carolina, by corruptly intimidating the prospective State's witness, James Atkinson, during said investigation in order to influence his testimony by wilfully letting or permitting Herbert P. Cook, the prime suspect in the case to go home after apprehension without bond, and by wilfully not charging the prime suspect Herbert P. Cook with any crime or charge before he was released to go home without bond. He, the said W. A. McCall, being the Captain of Detectives of the City of Charlotte, North Carolina, Police Department, the department in charge of the investigation of said larceny * * *, to the injury of the public and the people of the City of Charlotte, North Carolina, all in violation of his oath and of his public duty," *et cetera*.

The defendant was charged in Bill of Indictment No. 42362 with having corruptly and wilfully failed and neglected to discharge one of his official duties with respect to the same matters set out in Bill No. 42963.

In Bill of Indictment No. 42965, the defendant was charged with having wilfully failed to discharge one of his official duties as a police officer of the City of Charlotte, North Carolina, said duty being to-wit: "the arrest and apprehension and assisting in the arrest and apprehension of James Lee Harris on the charge of obtaining property by flimflam or larceny of property by artifice or trick for the Police Department of Lancaster, South Carolina, to the injury of the public and the people of the City of Charlotte, North Carolina, all in violation of his oath and of his public duty," *et cetera*.

The defendant was charged in Bill of Indictment No. 42964 with having corruptly and wilfully failed to discharge one of his official duties with respect to the same matters set forth in Bill No. 42965.

The defendant moved to quash these bills on the grounds set out in *S. v. Hord*, filed this day, *ante* 149. The motion was allowed as to each bill, and the State appeals pursuant to the provisions of G.S. 15-179, and assigns error.

STATE *v.* McCALL.

*Attorney General Bruton, Deputy Attorney General Harry W. Mc-Galliard, Asst. Attorney General James F. Bullock for the State appellant.*

*Robert G. Sanders and J. Howard Bunn, Jr., for defendant appellee.*

PER CURIAM. On authority of *S. v. Hord, ante* 149, we hold that a Captain of Detectives of the Police Department of the City of Charlotte, North Carolina, is an officer of said City within the meaning of G.S. 14-230.

The charges against the defendant in Bills of Indictment Nos. 42362 and 42963 are to the effect that the defendant wilfully and corruptly failed to discharge one of his official duties as a police officer of the City of Charlotte in connection with the investigation and handling of the case of *State v. Herbert P. Cook* on the charge of stealing 1208 gallons of Gulf No-Nox gasoline, the property of the Gulf Oil Corporation.

Apparently, the crime sought to be established against the defendant is that the defendant, by corruptly intimidating the prospective State's witness, James Atkinson, during such investigation, undertook to influence his testimony. As we interpret the charge in these bills, the corrupt and unlawful conduct of the defendant, if any, consisted of his permitting Herbert P. Cook, the prime suspect in the case, to go to his home after apprehension without posting bond, and by not charging him with any crime before he was permitted to go to his home.

We can see no connection between the alleged intimidation of James Atkinson and the release of Herbert P. Cook to visit his home. Moreover, the case was apparently in the investigative stage since no formal charge had been lodged against the suspect at the time. We do not construe the conduct of the defendant, as set out in these bills, to be of such nature as to charge any criminal misconduct on his part. Consequently, we hold that these bills were properly quashed.

Bills of Indictment Nos. 42965 and 42964 contain the same defects pointed out in similar bills set out in the case of *S. v. Stogner, ante* 163, and the motion to quash allowed in the instant case will be upheld on the grounds set forth in the *Stogner* case.

Affirmed.